IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LUIS SANCHEZ-ALFONSO,

       Petitioner,

   v.

BOARD OF PAROLE AND POST-
PRISON SUPERVISION,

       Respondent.

Case No. 3:13-cv-00624-ST

FINDINGS AND RECOMMENDATION

      Luis Sanchez-Alfonso
      13722 S.W. 156th St.
      Miami, FL 33177-1267

          Petitioner, *Pro Se*

      Mary H. Williams,
      Deputy Attorney General
      Kristen E. Boyd,
      Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, Oregon 97310

          Attorneys for Respondent

STEWART, Magistrate Judge.

    Respondent has filed a Motion to Dismiss (docket #36) this 28 USC § 2254 habeas corpus case. Because petitioner absconded from his post-prison supervision and has an active arrest warrant, that

1 - FINDINGS AND RECOMMENDATION

motion should be granted pursuant to the fugitive disentitlement doctrine.

## BACKGROUND

Petitioner was released from prison on September 28, 2012, and transferred into the custody of the U.S. Immigration and Customs Enforcement Department which, in turn, released petitioner in March 2013. Declaration of Carla Pinto, ¶ 3. Petitioner began to report to his Washington County supervising officer, Carla Pinto, but he left Oregon without permission after his third visit with her on May 1, 2013. *Id*, ¶ 4. On April 11, 2013, before leaving Oregon, petitioner filed this habeas corpus case challenging his November 2005 convictions for Burglary and Unlawful Use of a Weapon.

When petitioner repeatedly failed to appear for subsequent supervisory meetings, Ms. Pinto asked the Oregon Board of Parole and Post-Prison Supervision ("Board") to issue a warrant for his arrest. *Id*, ¶¶ 5-8. The Board did so on July 24, 2013, thereby moving petitioner from abscond status to warrant status. *Id*, ¶ 8. Petitioner has been on warrant status since that date (*id*), and his address filed with the court has been in Miami, Florida, since the inception of this case. Respondent asks the court to dismiss this action with prejudice based upon the fugitive disentitlement doctrine.

///
///

2 - FINDINGS AND RECOMMENDATION

**FINDINGS**

The Supreme Court has held that dismissal is an appropriate sanction when a prisoner is a fugitive during an ongoing appellate process. *Ortega-Rodriguez v. United States*, 507 U.S. 234, 242 (1993); *Parretti v. United States*, 143 F.3d 508, 510 (9th Cir.), *cert. denied* 525 U.S. 877 (1998). There is no difference between habeas petitions and direct appeals for purposes of applying the fugitive disentitlement doctrine. *Lopez v. Malley*, 552 F.2d 682, 683 (10th Cir. 1977). The Supreme Court has stated that several rationales underlie the disentitlement doctrine:

1. The difficulty of enforcing a judgment if the fugitive cannot be found;

2. The unfairness of allowing a party access to the courts while evading their jurisdiction;

3. The need to discourage escape and encourage voluntary surrender; and

4. The desire to promote the "efficient, dignified operation of the courts."

*Degen v. United States*, 517 U.S. 820, 824 (1996).

Petitioner asks the court to deny respondent's Motion to Dismiss because he should not be considered a fugitive when Oregon has not provided him with funds to return to Oregon. Since petitioner voluntarily left Oregon without authorization, this argument lacks merit. *Cf. U.S. v. $671,160.00 in U.S. Currency*, 730 F.3d 1051, 1057 n.3 (Government has no duty to return the claimant to the United States before invoking the fugitive disentitlement statute).

3 - FINDINGS AND RECOMMENDATION

The court also rejects petitioner's argument that the fugitive disentitlement doctrine does not apply to him because he was not serving a prison sentence when he absconded from supervision. Petitioner's outstanding arrest warrant subjects him to the fugitive disentitlement doctrine. *See Williams v. Alameida*, 511 F.3d 973, 974 (9th Cir. 2007) (fugitive disentitlement doctrine applicable where parolee failed to report to parole agent and arrest warrant issued).

While petitioner asks this court to hold this case in abeyance and establish a voluntary surrender date, he has repeatedly eschewed voluntary surrender. After absconding from supervision, he missed five separate meeting dates established by Ms. Pinto before severing communication with her entirely. Moreover, holding the case in abeyance pending petitioner's capture or voluntary surrender: (1) does not promote the efficient, dignified operation of the courts; and (2) imposes no penalty on petitioners who abscond and remain at large. Petitioner has had ample opportunity to correct his abscond status and surrender to the warrant, but has not done so. Accordingly, respondent's Motion to Dismiss should be granted.

Because respondent has not yet addressed the merits of petitioner's claims, the court recommends that the dismissal be without prejudice to petitioner's right to refile his case once he is no longer a fugitive.

///

4 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

Respondent's Motion to Dismiss (docket #36) should be granted, and the court should enter a Judgment dismissing the Amended Petition for Writ of Habeas Corpus (docket #14) without prejudice. The court should also decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **February 28, 2014**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 11th day of February, 2014.

                    s/Janice M. Stewart
                        Janice M. Stewart
                        United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION