IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LUIS SANCHEZ-ALFONSO**,

        Petitioner,

        v.

**BOARD OF PAROLE AND POST-PRISON SUPERVISION and CARLA PINTO, Probation Officer**,

        Respondents.

No. 3:13-cv-00624-ST

OPINION AND ORDER

**MOSMAN, J.**,

    Petitioner Luis Sanchez-Alfonso filed a petition [2] for writ of habeas corpus under 28 U.S.C. § 2254 on April 11, 2013, and an amended petition [14] on June 3, 2013. On December 12, 2013, Respondents moved [36] to dismiss the petition. Because Mr. Sanchez-Alfonso absconded from Oregon while on parole, Magistrate Judge Stewart held that the fugitive disentitlement doctrine bars his petition. (F&R [44] at 4.) She therefore recommends that the petition be dismissed without prejudice to Mr. Sanchez-Alfonso's right to refile upon returning to parole supervision. *Id.* I agree with Judge Stewart's recommendation. In addition, I hold that Mr. Sanchez-Alfonso's intervening surrender to Oregon authorities does not render the fugitive disentitlement doctrine inapplicable. I therefore GRANT Respondents' motion.

1 – OPINION AND ORDER

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. I am not bound by the recommendations of the magistrate judge; instead, I retain responsibility for making the final determination. I am required to review de novo those portions of the report or any specified findings or recommendations within it to which an objection is made. 28 U.S.C. § 636(b)(1). However, I am not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether objections have been filed, in either case I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1).

Upon review, I conclude that Judge Stewart correctly recommended dismissal based on the fugitive disentitlement doctrine according to the facts presented to her. However, unbeknownst to Judge Stewart (and, at the time, to Respondents), Mr. Sanchez-Alfonso surrendered himself to the authorities in Douglas County on February 9, 2014, two days before Judge Stewart's F&R issued. (Resp.'s Supp. Mem. Att. A [47].) He argues that his return to custody necessarily renders the fugitive disentitlement doctrine inapplicable. (Mot. [48] at 1.)[1] For the reasons that follow, I disagree.

The fugitive disentitlement doctrine prevents criminal defendants from gaining an unfair advantage by "await[ing] the judicial result" and either "return[ing] if it is favorable" or "remain[ing] a fugitive if it is not." *Katz v. United States*, 920 F.2d 610, 612–13 (9th Cir. 1990),

---

[1] Mr. Sanchez-Alfonso styled this document a "Motion To Reconsider." (Mot. [48] at 1.) Judge Stewart construed it as an objection to the F&R and allowed Respondents to file a response. (Order [49].)

*overruled on other grounds by Lozada v. Deeds*, 964 F.2d 956 (9th Cir. 1992). During the months that Mr. Sanchez-Alfonso remained outside of Oregon in violation of his parole, he enjoyed just such an advantage. He could watch litigation on his petition unfold, and reflect on whether staying safely out of reach of the Oregon authorities would damage his position. Ultimately, when Respondents' briefing made clear that the fugitive disentitlement doctrine would likely bar his petition, Mr. Sanchez-Alfonso could make the tactical decision to return to custody. To allow his petition to proceed under these circumstances would condone this gamesmanship.

Though I conclude that Mr. Sanchez-Alfonso's petition should be dismissed, I agree with Judge Stewart that he should have leave to refile his petition now that he is in custody. As the Ninth Circuit observed in *Katz*, liberal application of the fugitive disentitlement doctrine carries the risk that meritorious claims for relief will be denied a hearing. 920 F.2d at 613. Allowing Mr. Sanchez-Alfonso to refile his petition will assuage this risk.

Respondents' Motion [36] to Dismiss Mr. Sanchez-Alfonso's Amended Petition [14] for Writ of Habeas Corpus is GRANTED without prejudice to Mr. Sanchez-Alfonso's right to refile.

IT IS SO ORDERED.

DATED this 8th day of April, 2014.

/s/Michael W. Mosman

MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER